THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RYAN CRAIG ANDREWS,<br><br>               Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORR. et al.,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT AND DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>Case No. 2:25-CV-240-JNP<br><br>Chief District Judge Jill N. Parrish |

      Plaintiff Ryan Craig Andrews, acting *pro se*, brought this civil-rights action under 42 U.S.C.S. § 1983 (2025).[1] After filing his original complaint, Plaintiff filed a motion to submit a corrected complaint. ECF Nos. 1, 9. The motion included a proposed corrected complaint as an attachment. ECF No. 9-1. Having now screened the corrected complaint under its statutory review function, 28 U.S.C. § 1915A,[2] the court denies the motion. If Plaintiff wishes to continue pursuing

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part as follows:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983.

[2] The screening statute reads:

his claims, he must file an amended complaint curing deficiencies. Additionally, Plaintiff filed a motion to appoint counsel, which the court considers and ultimately denies. ECF No. 3.

## PROPOSED CORRECTED COMPLAINT'S DEFICIENCIES

The proposed corrected complaint is deficient for the reasons listed below. The next section, which provides guidance to Plaintiff, provides more detail on the relevant legal principles that create problems, or potential problems, for the proposed complaint as currently drafted.

1. It generally does not properly affirmatively link an individually named defendant to each element of each alleged civil-rights violation.

2. It may improperly allege civil-rights violations on a *respondeat superior* theory.

3. It should be amended in light of how sovereign immunity applies to states, state entities, and state employees.

4. It improperly names Utah Department of Corrections and Utah Department of Health and Human Services as § 1983 defendants, when they are not independent legal entities that can sue or be sued.

5. It fails to engage with the distinction between suing defendants in their individual and official capacities.

---

       (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
       (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
            (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
            (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

6. It faces obstacles from the fact that Defendants' alleged failures to follow promises, jail policy, state statutes and codes, ethics rules, or standards set by commissions—however reprehensible they may be—do not necessarily constitute constitutional violations. *See, e.g., Williams v. Miller*, 696 F. App'x 862, 869–70 (10th Cir. 2017) (unpublished) ("Merely showing that [defendants] may have violated prison policy is not enough [to show a constitutional violation]."); *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (stating that the plaintiff never sought "explain[ed] how or why the violation of the . . . [prison] *policy* . . . necessarily demonstrates" his constitutional rights were breached and that "[i]t is his burden to establish that the Constitution, not just a policy, is implicated" (emphasis in original)); *Hostetler v. Green*, 323 F. App'x 653, 657–58 (10th Cir. 2009) (unpublished) (noting that a defendant's mere violation of prison regulation does not equate to constitutional violation); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

7. It does not link each element of the claim of improper medical treatment to individually named defendants.

8. It may seek injunctive relief based on the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, but it does not set forth an ADA claim in the complaint.

9. It is not signed and dated and is not on the civil-rights-complaint form required by the court.

**GUIDANCE FOR PLAINTIFF**

The court offers some guidance for Plaintiff that may be helpful if he seeks to submit an amended complaint. Before doing so, the court notes that Plaintiff is constitutionally entitled to

3

legal assistance by his institution, such as contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (holding that incarcerated individuals are required to be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). If these constitutional rights are being denied, Plaintiff can invoke them in his legal challenge.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. Rule 8's requirements are designed to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

While the court is cognizant of the unique challenges facing pro se litigants, they are not excused from meeting these pleading requirements. According to the Tenth Circuit, "[t]his is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts" nor can it "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). If Plaintiff is facing difficulty in determining which facts are legally relevant, he should err

4

on the side of being comprehensive and take full advantage of his constitutional right to legal assistance.

Although Plaintiff is ultimately free to develop an amended complaint as he sees fit, the following legal principles may be helpful to keep in mind:

1. The revised complaint must stand entirely on its own and should not refer to, or incorporate by reference, any part of previously filed complaints *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating an amended complaint supersedes any previously filed complaints). Also, an amended complaint may not be further amended after filing without permission from the court or the written consent of defendants. FED. R. CIV. P. 15.

2. Each defendant should be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the cause of action section of the complaint.

3. The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (noting that alleging the personal participation of the defendants is essential to stating a viable § 1983 claim). "To state a claim, a complaint must make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (citation modified). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

4. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as concise as possible while still using enough words to fully explain the who, what, where, when, and why of each claim to the extent possible. *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (noting that the Supreme Court is particularly skeptical of complaints that fail to mention specific times, places, or people involved in alleged misconduct).

5. Plaintiff may not name an individual as a § 1983 defendant based solely on their supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.")

6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

7. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2025). However, Plaintiff need not include grievance details in the complaint. Instead, exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

8. Under the personal-participation requirement, a plaintiff bringing a claim under § 1983 "must demonstrate the defendant 'personally participated in the alleged constitutional violation' at issue." *Est. of Roemer v. Johnson*, 764 F. App'x 784 (10th Cir. 2019) (unpublished) (quoting *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018)). "[W]hen plaintiff[s] bring[] § 1983 claims against multiple defendants, 'it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*.'" *Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original)). "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id.* at 790 n.5. Indeed, the Tenth Circuit has

"gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

9. When asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, there is no *respondeat superior* liability under § 1983, and employers are not necessarily liable for the misconduct of their employees. *See id.*; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable under § 1983 based on no more than an employer-employee relationship with the claimed tortfeasor. Supervisors are liable under § 1983 for their own unconstitutional or illegal policies only, and not for their employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998).

10. Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities unless it is waived. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022–23 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (unpublished) (holding that the Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983, unless they are waived). However, under a recognized exception, "a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an *ongoing* violation of federal law and the plaintiff seeks *prospective* relief.'" *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

11. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) (unpublished) (finding that a county criminal justice center was not a suable entity under § 1983) Specifically, the Tenth Circuit has acknowledged that sheriff's departments and police departments "are [often] not legally suable entities." *Lindsey v. Thomson*, 275 Fed. App'x. 744, 747 (10th Cir. 2007) (unpublished); *see also Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (finding that specific correctional facilities were "not suable entities in a § 1983 action").

12. An officer can either be sued in an individual or official capacity, and there are important legal consequences to this distinction:

> The Supreme Court has instructed that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. By contrast, individual-capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law.

*Coates v. Reigenborn*, Nos. 22-1339 & 22-1434, 2023 U.S. App. LEXIS 27456, at *9-10 (10th Cir. Oct. 16, 2023) (unpublished) (citation modified); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) ("A suit against a government agent in his official capacity is treated as a suit against the government.").

One difference between suing a defendant in an official versus individual capacity has to do with averring causation. To adequately assert causation against a defendant in an individual capacity who did not directly commit a constitutional violation, the plaintiff must allege facts showing that the defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [the plaintiff] of her constitutional rights." *Perry v.*

*Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (citation modified); *see also Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) ("[W]hen confronting individual-capacity § 1983 claims, our focus must always be on the *defendant*—on the injury *he* inflicted or caused to be inflicted, and on *his* motives.") (citation modified) (emphasis in original). Conversely, to adequately assert causation against a defendant in an official capacity, the plaintiff must first identify an official policy or custom, and then establish that the challenged policy or custom was the "'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Finally, Plaintiff should keep in mind too that "it [is impossible] to sue a governmental entity in its individual capacity." *Jackson-Mackay v. McDonald*, No. 22-8033, 2023 U.S. App. LEXIS 6356, at *2 (10th Cir. Mar. 17, 2023).

13. The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). However, to state a claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citation modified).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604–05 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

14. If Plaintiff wishes to include an ADA claim in his amended complaint, he should consider the following:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (unpublished) (citation modified).

10

Further,

> Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. The ADA requires more than physical access to public entities: it requires public entities to provide *meaningful* access to their programs and services. To effectuate this mandate, the regulations require public entities to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.

*Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016) (unpublished) (citation modified) (emphasis in original).

Finally, Plaintiff may not sue any defendant in an individual capacity under ADA. *Watson v. Utah Highway Patrol*, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at *6 (D. Utah Dec. 27, 2019).

## MOTION FOR APPOINTED COUNSEL

Plaintiff also moves for appointment of counsel. ECF No. 3.

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the court lacks authority to appoint counsel. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). Still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge. *See* 28 U.S.C.S. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (noting that when courts "refer to appointing counsel" in this context, they typically "refer to a request that an attorney take the case *pro bono*"). Plaintiff has the burden of convincing the court that his claims have enough merit to warrant such a request of counsel.

*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation modified).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). At this time, Plaintiff's claims may not be colorable, the issues in this case may not be particularly complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the court denies Plaintiff's motion for appointed counsel.

## ORDER

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Submit Corrected Complaint is DENIED. ECF No. 9.

2. If Plaintiff wishes to continue the action, he must within ninety days cure the proposed corrected complaint's deficiencies (noted above) by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document.

3. The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

4. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

5. The amended complaint shall not include any claims outside the dates and allegations of transactions and events found in the proposed corrected complaint. The court will dismiss any such new claims or outside allegations. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal.

6. Plaintiff must file any address change with the court and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

7. Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

8. No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

9. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules

of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

10. Plaintiff's motion for "appointed" counsel is DENIED. ECF No. 3 However, if—after the case develops further—it appears that counsel may be needed or of specific help, the court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

DATED February 26, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge